## KAUFFMAN v ZANGERLE, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10768.  Decided June 2, 1930

Herman Spielberg, Cleveland, for Kauffman.

R. T. Miller and D. R. Hertz, both of Cleveland, for Zangerle, et.

**VICKERY, PJ.**

Upon the strength of the plea of guilty in the U. S. Court and a fine and imprisonment sentence imposed upon him, the Auditor's attention having been called to it he put the Dow-Aiken Law tax on the duplicate against the property of Bessie Kauffman; and the only question that this court needs consider is whether she had any knowledge or notice of this man selling liquor on her premises. One can read this record from end to end and one will find nothing but denials both from the son and from the mother.

After this man had pleaded guilty, which surprised the wife, because he had told her he was not guilty, she declined to have anything further to do with him. She is not now living with him, and was not living with him. He never supported her. There is no evidence in this record that a drop of liquor was sold by him with her knowledge upon this property. The contrary is true, that if any liquor was sold there,—which is not clear from this record, except what might be inferred from the plea in the United States Court, in which court the property was mentioned, he having been charged with various charges and having pleaded guilty generally to the same,—it was sold without her knowledge or consent.

The son now lives in Indiana. He came back and testified that neither he nor his mother had any information or knowledge in regard to what this man did until after the arrest, and then they learned that it was not on the property but in the truck that he drove in there. Now to say that under such circumstances the owner of the property should be charged for the wrong deeds of another of which she had no knowledge, the accused having been fined and sentenced to imprisonment,—I say, to impose upon her property a $1200 tax does not seem to be right or fair, nor is it warranted by the law.

If they were living in that house and she and her husband were living together and the husband was trafficking in liquor, under such conditions that a person should know, the situation might be different. But here she did not live there; the husband did not live with her; he simply drove a truck in there and parked it there, and in that truck the officers discovered this liquor and that the husband had sold a half pint somewhere. It does not say where. Now to hold a person's property under such circumstances would be the hazarding of everybody's property because somebody, unconnected,—a workman for example upon a place,—might have whisky in his possession and he might sell it, and to hold the owner of the property responsible for that without any knowledge of his doing so, would be carrying the law very far.

We have held in this court that, notwithstanding a person may be fined and imprisoned criminally for the offense that if the owner of the property, even though the accused be the owner, or if the owner of the property has knowledge of the accused's doings, the Dow-Aiken law tax may still be assessed against the property. But under circumstances such as this case, to allow this tax to stand would be doing a great injustice and without any foundation in law, for there is no evidence to show that this woman or her son had any knowledge whatever of what this rather worthless husband was doing, remembering always that he did not live in that house. The house was occupied by tenants. He did not have charge of the garage or shop but that was occupied and used by the son. He drove a truck in there and to hold the wife who had separated herself from him responsible, we think would be exceedingly inequitable and unfair.

We think, therefore, that the plaintiff is entitled to the relief she seeks and the decree of the court will be that the Auditor and Treasurer be perpetually enjoined from collecting this tax, and the decree may be for the plaintiff. O. S. J.

Sullivan and Levine, JJ, concur.